UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIMM LAW FIRM
MICHAEL S. KIMM, ESQ. (MK4476)
SUNG H. JANG (PRO HAC VICE)
333 SYLVAN AVENUE, SUITE 106
ENGLEWOOD CLIFFS, NJ 07632
TEL: 201-569-2880
*Attorneys for plaintiffs*

---

| | |
|---|---|
| JANICE H. LEE, BON HYUB KOO, RYAN JUN-MO KOO, a minor by his next of kin, HONG SEA LEE, and YOON SOON LEE,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>ERIC T. SCHNEIDERMAN, KELLY DONOVAN, PERI ALYSE KADANOFF, HOWARD FELDBERG, TAREK RAHMAN, MICHAEL RODRIGUEZ, JOEL POCCIA, PAUL GREZEGORSKI, CHRISTOPHER VASTA, DOMINICK ZARRELLA, MICHAEL MORALES, ANTHONY FAVALE, MICHAEL CONLON, ANTHONY SCANDIFFIO, RACHEL MUZICHENKO,  CITY OF NEW YORK, WILLIAM J. BRATTON AS COMMISSIONER, PHILLIP BANKS III, SUNHOO KIM, DETECTIVE WALTER HARKINS, POLICE OFFICER JOSEPH KIM,  NEW JERSEY STATE POLICE, NEW JERSEY STATE POLICE OFFICERS 1-10, UNITED STATES OF AMERICA, JEFFERY BASHARA, JANE and JOHN DOES 1-25 (each defendant in their individual and official capacity),<br><br>　　　　　　　Defendants. | 15-CV- 00548<br><br>(WHP)(DF)<br><br>Civil Action<br><br><br><br>**Complaint with Jury Demand** |

1

Plaintiffs Janice Lee, Bon Hyub Koo, Ryan Jun-Mo Koo, a minor by his next of kin and natural father and mother, Hong Sea Lee, and  Yoon Soon Lee, for their complaint against the above-named defendants, state:

## INTRODUCTION

1. This is an action for money damages arising from a false arrest and related civil rights violations committed by the defendants.   In January 2014, defendants, together and individually, as members and participants of an "organized crime task force" of the New York State Attorney General's Office; the New York City Police and the New Jersey State Police; orchestrated the arrest of an alleged "Asian gang" that distributed "drugs and prostitution" as a "party package" within the New York, New Jersey area, and allegedly engaged in massive advertising campaign directed at the Super Bowl patrons as their desired customers.

2.  In the blind zeal for immediate publicity and maximum exposure not only within New York and New Jersey, but nationally and world-wide, defendants acting in concert organized a massive press conference where prepared court-room props were used to disseminate the "news" so extensively that even TV and print media in South Korea and other countries reported the story instantly.   Among the 18 specifically-targeted "defendants" who were described and pursued by defendants as

being one of the ring leaders of a sinister, "Asian sex-and-drugs gang" was Janice H. Lee who was, at the time, a mother of an 8-year old child; a family woman; and a dedicated New Jersey-district manager of an international hair products distribution company located in Moonachie, New Jersey.

3.    Defendants claim to have investigated this "gang" for almost a year culminating in the late January and early February 2014 arrests.  Thus, they told the press and the citizens that the one named "Janice" aka "Naomi" was among the targets they had been investigating for almost a year and they treated Janice H. Lee as their target "Janice."  Defendants had full, unimpeded  access by subpoena and other means to Janice H. Lee's cell phone number and records; her EZ Pass tag information; her motor vehicle profile; her driving abstract; her activities; and they could have investigated her at her place of employment and at her home.  Upon information and belief, the New York defendants contacted the New Jersey defendants whereupon the New Jersey State Police provided the New York defendants with the driver's license photograph of one "Janice H. Lee." With no probable cause; the defendants  then participated in the New York detainer process through a so-called "fugitive warrant" by arresting plaintiff Janice Lee at her place of employment in Moonachi, New Jersey.

4.  Plaintiffs allege that defendants wrongfully arrested plaintiff Janice H. Lee,

without probable cause, without a scintilla of basis; then incarcerated; intentionally, knowingly and recklessly disregarded her repeated claims of actual innocense including her extensive proof that she was not associated with any of the alleged "gang" members; she never sold or used illegal drugs; and never was part of the sex trade. Despite her providing the defendants — principally Assistant Deputy Attorney General Howard Felberg — the defendants continued to disregard proof of Janice H. Lee's innocence repeatedly. Janice H. Lee was locked up at Bergen County Jail with defendants being in no hurry to conduct a proper investigation; no hurry to review proof of her actual innocence; and no hurry to administer justice because their primary objective was to create a news splash regardless of guilt or innocence of plaintiff Janice H. Lee.

## THE PARTIES

### I. The Plaintiffs

5. At all relevant times, plaintiff Janice H. Lee was and still is a resident and domiciliary of New Jersey residing at 286 Shaler Blvd., Ridgefield, New Jersey. At all relevant times, plaintiff Janice Lee has been working as New Jersey district manager for an international distributor of hair products.

6. Plaintiff Bon Hyub Koo is the husband of plaintiff Janice Lee who was and still is resident and domiciliary of New Jersey residing at 286 Shaler Blvd.,

4

Ridgefield, New Jersey. Plaintiff Bon Hyub Koo is suing in his capacity as Janice Lee's husband who suffered loss of consortium and suffered and continues to suffer from humiliation and anguish caused by defendants and each of them.

7. Plaintiff  Ryan Jun-mo Koo is a minor son of plaintiff Janice Lee who was and still is  resident and domiciliary of New Jersey residing at 286 Shaler Blvd., Ridgefield, New Jersey. Plaintiff Ryan Jun-moo Koo is suing in his capacity as Janice Lee's son who suffered loss of consortium and suffered and continues to suffer from humiliation and anguish caused by defendants and each of them.

8. Plaintiff Hong Sea Lee is the father of plaintiff Janice Lee who was and still is  resident and domiciliary of New Jersey residing at 286 Shaler Blvd., Ridgefield, New Jersey. Plaintiff Hong Sea Lee is suing in his capacity as Janice Lee's father who suffered loss of consortium and suffered and continues to suffer from humiliation and anguish caused by defendants and each of them.

9. Plaintiff Yoon Soon Lee is the mother of Plaintiff Janice Lee who was  and still is   resident and domiciliary of New Jersey residing at 286 Shaler Blvd., Ridgefield, New Jersey. Plaintiff Yoon Soon Lee is suing in her capacity as Janice Lee's mother who suffered loss of consortium and suffered and continues to suffer from humiliation and anguish caused by defendants and each of them.

**II. The State of New York**

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules regulations, laws, statutes, customs, usages and/or practices of the State or City of New York, to deprive plaintiff Janice Lee of her rights secured by the Constitution and the laws of United States and the State of New York, in direct violation of plaintiff's Fourth Amendment Constitutional rights to be free from unreasonable searches and seizures.

11. Defendant Eric T. Schneiderman is the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Eric T. Schneiderman led "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

12. Defendant Kelly Donovan is Executive Deputy Attorney General for Criminal Justice of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Kelly Donavan led "Operation Out of Bounds", and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

6

13. Defendant Peri Alyse Kadanoff is Deputy Attorney General of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Peri Alyse Kadanoff led "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

14. Defendant Howard Feldberg is Assistant Deputy Attorney General of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Howard Feldberg led "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

15. Defendant Tarek Rahman, is  Assistant Deputy Attorney General of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Tarek Rahman led  "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

16. Defendant  Michael  Rodriguez  is  OCTF  Investigator  of  the  Attorney

General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Michael Rodriguez led and was part of "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

17. Defendant Rachel Muzichenko is OCTF Investigator of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Rachel Muzichenko led and was part of "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

18. Defendant Joel Poccia is OCTF Senior Investigator of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Joel Poccia was responsible for and was part of "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

19. Defendant Paul Grzegorski is OCTF Supervising Investigator of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon

8

information and belief, at all times relevant to this complaint, defendant Paul Grzegorski was responsible  and was part of "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

20. Defendant Christopher Vasta is OCTF Deputy Chief of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Christopher Vasta was responsible and was  part of "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

21. Defendant Dominick Zarrella is Chief of Investigations Bureau of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant  Dominick Zarrella  was responsible and was  part of "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

22. Defendant Michael Morales is Vice Enforcement Major Case Team of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Michael

Morales  was responsible and was  part of "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

23. Defendant Anthony Favale is Deputy Inspector of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Anthony Favale was responsible and  part of "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

24. Defendant Michael Conlon is Group Supervisor of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Michael Conlon was part of "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

25. Defendant Anthony Scandiffio is Deputy Special Agent of the Attorney General of the State of New York at The Capitol, Albany, NY 12224. Upon information and belief, at all times relevant to this complaint, defendant Anthony Scandiffio was responsible and part of "Operation Out of Bounds" and was

responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

26. Defendants John Does 1-10 are officers of the Attorney General of the State of New York at The Capitol, Albany, NY 1224. Upon information and belief, at all times relevant to this complaint, defendants Jon Does 1-10 were responsible and part of " Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

**III. The City of New York**

27. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York, to deprive plaintiff Janice Lee of her rights secured by the Constitution and the laws of United States and the State of New York, in direct violation of plaintiff's Fourth Amendment Constitutional rights to be free from unreasonable searches and seizures.

28. Defendant City of New York (hereinafter "CITY") is and was at all times relevant a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agents

11

in the area of law enforcement and for which it is ultimately responsible. Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY was at all time relevant herein the public employer of the individuals defendants William J. Bratton, Phillip Banks III, Sunhoo Kim, Walter Harkins, Joseph Kim and officers John Does 11-20.

29. Defendant Phillip Banks III is NYPD Chief of Department of NYPD at 1 Centre Street, Room 1225, New York, NY 10007.Upon information and belief, at all times relevant to this complaint, defendant Phillip Banks III led and was responsible for "Operation Shade of Beige" that worked in tandem with "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

30. Defendant William J. Bratton is Police Commissioner of NYPD at 1 Center Street, Room 1225, New York, NY 10007.Upon information and belief, at all times relevant to this complaint, defendant William J. Bratton led and was responsible for "Operation Shade of Beige" that worked in tandem with "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

31. Defendant Sunghoo Kim is NYPD Sergeant-supervisor of NYPD at 1 Centre Street, Room 1225, New York, NY 10007. Upon information and belief, at all

times relevant to this complaint, defendant Sunghoo Kim led and was responsible for "Operation Shade of Beige" that worked in tandem with "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

32. Defendant Detective Walter Harkins is NYPD Detective of NYPD, Shield Number 2013, at 1 Centre Street, Room 1225, New York, NY 10007. Upon information and belief, at all times relevant to this complaint, defendant Walter Harkins led and was responsible for "Operation Shade of Beige" that worked in tandem with "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

33. Defendant Joseph Kim is NYPD Police Officer of NYPD at 1 Centre Street, Room 1225, New York, NY 10007. Upon information and belief, at all times relevant to this complaint, defendant Joseph Kim led and was responsible for "Operation Shade of Beige" that worked in tandem with "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

34. Defendant officers John Does 11-20 are officers of NYPD at 1 Centre Street, Room 1225, New York, NY 10007. Upon information and belief, at all times

relevant to this complaint, defendant officers John Does 11-20 led and was responsible for "Operation Shade of Beige" that worked in tandem with "Operation Out of Bounds" and was responsible for the operation that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

### IV. The United States of America

35. Defendant Unites States of America ("UNITES STATES"), acting under the direction of Attorney General of the United States and Homeland Security failed to properly investigate and falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale.

36. Defendant Jeffery Bashara is Homeland Security Investigations Special Agent at U.S. Attorney's Office, 1 Saint Andrew's Plaza, New York, NY 10007. Upon information and belief, at all times relevant to this complaint, defendant Jeffery Bashara was part of and responsible for the investigation for "Operation Out of Bounds" and "Operation Shade of Beige" and was responsible for the operations that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale. Upon information and belief, at all times relevant hereto, Jeffery Bashara was employed as an agent in the New York Division of the United States Homeland Security, working out of an office located within Southern District

of New York.

37. Defendant officers John Does 21-25 are Homeland Security Investigations Special Agents at U.S. Attorney's Office, 1 Saint Andrew's Plaza, New York, NY 10007. Upon information and belief, at all times relevant to this complaint, defendant officers John Does 21-25 were part of and responsible for the investigation for "Operation Out of Bounds" and "Operation Shade of Beige" and were responsible for the operations that falsely charged and arrested plaintiff Janice Lee for promoting prostitution, money laundering and drug sale. Upon information and belief, at all times relevant hereto, defendant officers John Does 21-25 were employed as agents in the New York Division of the United States Homeland Security, working out of an office located within Southern District of New York.

## V. The New Jersey State Police

38. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules regulations, laws, statutes, customs, usages and/or practices of the State or City of New York, to deprive plaintiff Janice Lee of her rights secured by the Constitution and the laws of United States and the State of New York, in direct violation of plaintiff's Fourth Amendment Constitutional rights to be free from unreasonable searches and seizures.

39. Defendant Col. Joseph R. Fuenetes is Superintendent of New Jersey State Police at NJSP Headquarters, 1 River Road, W. Trenton, NJ 08625. Def Col. Joseph R. Fuenetes heads the New Jersey State Police and supervised the false arrest and detention of plaintiff Janice Lee.

40. Defendants New Jersey State Police Officers 1-10, individually and as officers, agents, servants, employees, representatives of New Jersey State Police at NJSP Headquarters, 1 River Road, W. Trenton, NJ 08625. Defendants New Jersey State Police Officers 1-10 who falsely arrested and detained plaintiff Janice Lee.

## JURISDICTION AND VENUE

41. This action arises under the Fourth and Fourteenth Amendments to the U.S. Constitution and federal statutory laws including 42 U.S.C.§§ 1983, 1988.  The court has supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1367 (a), as plaintiff's state claims arise out of a common nucleus of operative facts.

42. Venue is proper in the Southern District of New York because significant events arose in this district in which all defendants participated.

## GENERAL ALLEGATIONS

### I. Defendants' False Arrest

43. Plaintiff Janice H. Lee has never been in trouble with the law; has never been lawfully arrested; has never been lawfully charged or convicted of any crime,

16

even a misdemeanor.  She is a mother, wife, and daughter of a perfectly law abiding family residing with both of her aging parents Hong Sea Lee and Yoon Soon Lee at 286 Shaler Blvd., Ridgefield, New Jersey.  She is a sales account manager for an international distributor of hair products, managing New Jersey and certain out-of-state accounts for several years.  Janice Lee has deep roots in the community and has friends and relatives as far as South Korea.

44. On February 12, 2014, while she was undergoing the routines of her hectic office responsibilities at 120 Moonachie Ave., Moonachie, NJ, several plain-clothed, unidentified men, dressed in black t-shirts and black pants charged into Janice Lee's workplace, cross-checked her face with what she later came to learn was her New Jersey driver license photograph. The group of men in black asked plaintiff Janice Lee if the photograph was her, and when plaintiff Janice Lee answered yes, plaintiff Janice Lee was immediately taken by the men, not told her charges, and removed from her workplace in the plain view of her entire office colleagues and even the president of her company.  She was practically dragged to the outside parking lot where multiple "New Jersey State Police" vehicles were parked; forced her into the back seat of one of the cruisers; then transported.  Janice Lee was not provided with any <u>Miranda</u> rights; she was not told why she was had been arrested; she was not provided with any arrest warrant.

17

45. Plaintiff Janice Lee was transported to Bergen County Jail and booked.  In the meantime, her driver's license photograph and her actual name, "Janice H. Lee," were knowingly, willfully, deliberately, and recklessly in disregard for truth, disseminated worldwide through a massive, organized press release campaign undertaken by the defendants, featuring Eric Schneiderman.  After being locked up, after retaining her attorneys Kimm Law Firm, she came to learn the pending charges against her.  According to the criminal complaint filed in the New York Criminal Court, plaintiff Janice H. Lee was being charged with multiple counts of felony acts that would presumptively land her in prison for a dozen years:

> Detective Walter Harkins, shield 2013, of the New York Police Department ("NYPD"), being duly sworn, deposes and states that on or about and between November 19, 2012 and October 18, 2013, at the dates, times and places noted in the paragraphs below, in the County of New York, State of New York and elsewhere, THE DEFENDANT JANICE LEE ("Naomi"), ACTING IN CONCERT WITH CO-CONSPIRATORS, COMMITTED THE OFFENSE OF:
>
> 1. Penal Law Section 105.10(1) Conspiracy in the Fourth Degree ("E" Felony) (1 Count) THE DEFENDANT JANICE LEE ("Naomi"), ACTING IN CONCERT WITH CO-CONSPIRATORS HYUN OK YOONUNG ("Beige"), YOUNG OK TAE ("Tae"), and KYUNG CHUN MIN ("Nicky"), COMMITTED THE OFFENSES OF:
>
> 2. Penal Law Section 220.16(1) Criminal Possession of a

Controlled Substance in the Third Degree ("B" Felony)
(1 Count)

3. Penal Law Section 220.39(1) Criminal Sale of a
Controlled Substance in the Third Degree ("B" Felony)
(1 Count)

4. Penal Law Section 230.20(1) Promoting Prostitution
in the Fourth Degree ("A" Misdemeanor) (1 Count)

IN THAT THE DEFENDANT JANICE LEE ("Naomi"):
with the intent that conduct constituting a class B or
class C felony be performed, agreed with one or more
persons to engage in or cause the performance of such
conduct; knowingly and unlawfully sold a narcotic drug;
and knowingly and unlawfully possessed a narcotic drug
with intent to sell it; knowingly advanced or profited
from prostitution. (See Exhibit 1).

46.   On every single day of her incarceration, plaintiff Janice H. Lee, through

counsel, provided the defendants with proof of her actual innocence including proof

of her business travels that rendered her physically impossible of being at some or all

of the events charged by defendants.   It was not until February 20, 2014, that

defendant Howard Feldberg began to doubt the veracity of his own "investigation"

team's defective work product, plaintiff Janice H. Lee was released from Bergen

County Jail.   Even then, defendants insisted upon Janice H. Lee's counsel that her

passport should be retained by her counsel as a quid-pro-quo of her "release on trust."

**II. Defendants' Refusal to Review/Investigate Exculpating Evidence**

47. Immediately after Janice Lee's arrest, her counsel provided notice that she was not a proper defendant and provided evidence of her actual innocence. Between February 14, 2014, and February 17, 2014, plaintiff's counsel provided the lead prosecutor in charge, Howard Feldberg, extensive evidence that Janice H. Lee was innocent through extensive exculpatory evidence, such as:

1. Janice H. Lee has never used or possessed a phone number 201-245-2804 which you provided after our discussion. The only phone number that is owned by Janice H. Lee is 301-807-7779.

2. Janice H. Lee has been working for the sales department of a well-established, multimillion wig company located at Moonachie, New Jersey, where she was arrested. She is a mother of an 8 year old son and is married.

3. On August 10 and 11, 2013, the two dates ascribed to her in the complaint, she was in New Jersey and on August 11 she attended an all day family picnic in the Bear Mountain area. We are happy to supply some photos to you, as attached.

4. All of Janice H. Lee's bosses and coworkers will confirm that she was a sales account manager for a legitimate wig distributor company and not a subterfuge company.

We a  agreeable to enter into informal discovery with the People but we think it more important for you and your investigators to reinvestigate immediately and correct this manifest misunderstanding. (See Exhibit 2).

20

Instead of investigating the exculpating evidence offered by the plaintiff's counsel, defendants failed and refused to take any action in bad faith, and totally disregarded evidence of actual innocence; and failed to review the evidence of innocence up and down the chain of command, namely all of the defendants.

48. On February 19, 2014, once again plaintiffs' counsel provided defendant Howard Feldberg with plaintiff Janie Lee's baggage and rental car receipts from September 8, 2013 to September 14, 2013, from her California business trip, clearly showing proof of her actual innocence. (See Exhibit 3).

49.  On February 19, 2014, defendant Howard Feldberg terminated the New York detainer and authorized Bergen County Jail to release Janice Lee from custody. It was not until in the late afternoon of February 20, 2014, plaintiff Janice Lee was released.

50.  On February 25, 2014, Defendant Assistant Deputy Attorney General Howard Feldberg moved before  the New York Criminal Court to vacate the warrant for Janice H. Lee as a fugitive, See Exhibit 4.  But defendants have taken no action to eliminate their website, their press release materials, their massive media campaign in which Janice H. Lee is still identified directly and obviously as a drug gang; money launderer; organized prostitution operator; sex-and-drugs "Party Pack" distributor of the sleaziest kind.

21

## II. Defendants' Mass "Press Release" Campaign

51.  Defendants' massive press campaign began two weeks before plaintiff Janice Lee's arrest, on the morning of January 29, 2014, when defendant NYS Attorney General Eric Schneiderman announced that multiple arrests had been made and further arrests were impending regarding a major drug and prostitution ring run mostly by Korean Americans engaged in high-end prostitution and drug trafficking, which marketed its services to clientele in New York for Super Bowl XLVIII. The 18 Asian individuals, 16 of them who were Koreans, were charged with money laundering, drug trafficking, and prostitution operation. The investigation was a collaborative efforts between the Attorney's General office, the New York Police Department and Homeland Security.

52. The New York Attorney General's press release led by Attorney General Eric T. Schiniderman joined by NYPD Chief of Department Phillip Banks III and representatives from New York State Police released the following statement:

> Attorney General Eric T. Schneiderman, joined by NYPD Chief of Department Phillip Banks III and representatives from the New York State Police, today announced charges against 18 individuals for running a high-end prostitution and drug trafficking ring. The suspects are charged with conspiracy and a variety of underlying crimes, including narcotics sales, promoting prostitution and money laundering.

Attorney General Schneiderman detailed a nearly year-long undercover investigation that brought down a criminal ring charged with selling so-called "party packs," involving cocain and prostitutes, and laundering the illegal proceeds through front businesses that included a clothing wholesaler, a wig wholesaler, a limousine service and a beauty supply wholesaler. The ring is estimated to have generated millions of dollars in illegal proceeds and was working to market it services to a high-end clientele coming to the New York metropolitan area for the Super Bowl.

Drug trafficking and prostitution are a scourge on communities across our state," Attorney General Schneiderman said. " My office will continue to work with our partners in law enforcement on multi-agency investigations like this one to take down networks of criminals who exploit women and poison our communities for profit."

Police Commissioner Willima J. Bratton said, " These criminals utilized apartments in residential building as a way of carrying out their illicit activities. They disregarded the safety and well-being of every member in those communities by providing a 'one-stop shopping' drug and prostitution ring. Thanks to the NYPD's Vice Enforcement Major Case and Human Tracking Teams, investigators from the New York State Attorney General's Office, the New York State Police, the United States Department of Homeland Security and the United States Attorney's Office Southern District, this criminal enterprise no longer operates."

Over the coure of an 11-month investigation utilizing undercover investigators, physical and electronic surveillance and reviews of business records, the Attorney General's Organized Crime Task Force and

the New York Police Department determined that the individuals arrested today engaged in a criminal conspiracy that spanned Manhattan, Brooklyn, Long Island, Queens and several other States, though the operation was based in Manhattan.

Investigators believe that the suspects targeted wealthy out-of-town customers as prospective clients, especially before and during large events in the tri-state area. As recently as last week, just 10 days before the Super Bowl, a text message was blasted to frequent customers noting that "new sexy & beautiful girls R in town waiting for u."

The criminal ring also promoted its prostitution business with numerous advertisements on the internet and public access television. In addition to promoting prostitutes, the ring sold  cocaine, often to the same customers.

Transcripts of conversations that were intercepted by electronic surveillance revealed that the ring used various code names for cocaine, including "party," "jewelry," "powder," "maek" and "Soojaebi," a Korean noodle and vegetable soup. Intercepted conversations also revealed that prostitutes would bring cocaine with them to meetings with johns who had ordered the drugs in advance. This is what they referred to as a "party pack."

The ring charged customers for sex and drug as a package deal, sometimes billing for cocaine in an equivalent number of "hours" of prostitution. In some cases, the ring accepted credit cards in payment for sex and drugs. It was common practice for this ring to supply the johns with large quantities of drugs brought by one prostitute, and then once the john was impaired by the

drugs, the ring would flood the room with additional prostitutes and repeatedly charge the john's credit card, at times charging upward of $10,000 for one night.

\*          \*          \*          \*          \*

The following defendants were arrested and charged with various felony and misdemeanor counts:

TONY YOO, 34
JOSEPH LANDRUM ("Landrum"), 32
HYUN OK YOON ("Beige"), 41
YOUNG OK TAE ("Tae"), 38
KYUNG CHUN MIN ("Nicky"), 33
SUN LEE AHN ("Sarah"), 56
YOUNG MI LEE ("Jasmine"), 40
JI YOUNG MOON ("Ivy"), 40
**JANICE LEE ("Naomi"), 35**
HEE JUNG CHERN ("Leah"), 42
HAIMING QUAN ("Megan"),41
KYONG BIN CHO ("Jackie"),44
JUNG HEE JANG ("Sara"),43
IN SUK CHO ("Hyo-Jung"), 49
JI YOUNG LEE ("Jenny"), 34
HADA JANG ("Mia"), 26
NINA KIM ("Tina"), 31
HAJOUNG HEATH ("Dada"), 40

(Exhibit 5 - NYS AG Press Release, January 30, 2014).

53. Defendants, led by Schneiderman called "Janice H. Lee" as "Naomi," a drug dealer, prostitute and a member of a gang.   In fact, plaintiff Janice H. Lee had never before known, used, or associated with any of the alleged suspects or their

25

alleged criminal organization and activities. During the mass press conference, defendants displayed plaintiff Janice H. Lee's actual photo despite her actual innocence, having failed to conduct elementary investigation.  (See Exhibit 6 and Exhibit 7).







54.                                                                                                                              The

press conference was attended by a mass crowd of reporters; the press release was received and disseminated by virtually every major news organization locally, nationally and internationally.   Many media members covered the story with the required objectivity; some purported media outlets took the AG's false story as "fact" and disseminated stories that were false and defamatory, by calling plaintiff Janice H. Lee as a "drug dealer"; "gang" member; "Party Pack" distributor; "money launder" and such things.

55. Following the mass press campaign which began on January 29, 2014, and is continuing today, many of plaintiffs' friends, acquaintances, business associates, and even her customers have recognized her and have been shocked to learn of her implication and inculpation in the widely reported false story.   To this day, the NYS Attorney General's official website and his Facebook website still displays the photos of plaintiff Janice Lee, without editing or deletion, as a glorified accomplishment, even after knowing full well that they had falsely arrested the plaintiff.   (See Exhibit 8). They have yet to inform the massive numbers of media outlets that carried their false story that plaintiff Janice H. Lee's face and name should be removed because she was not only "not guilty," but actually innocent.   Having smeared her good name and reputation, they have done nothing, lifted not a single finger, towards repairing their botched investigation.



### III. Plaintiffs' Injuries

56. Plaintiff Janice Lee suffers from psychological injury which will be detailed in discovery.  Plaintiff Janice Lee can no longer function normally in her day-to-day activities as she has previously done in her family and in her work.

57. Plaintiff Bon Hyub Koo is the lawful husband of plaintiff Janice Lee. Plaintiff Bon Hyub Koo has been suffering from psychological injury which will be detailed in discovery.

58. Plaintiff Ryan Jun-Mo Koo is the biological, minor son of plaintiff Janice

Lee.  Plaintiff Ryan Jun-Mo Koo has been suffering from psychological injury which will be detailed in discovery.

59. Plaintiff Hong Sea Lee is the biological father of plaintiff Janice Lee. has been suffering from psychological injury which will be detailed in discovery.

60. Plaintiff Yoon Soon Lee is the biological mother of plaintiff Janice Lee. Plaintiff Yoon Soon Lee has been suffering from psychological injury which will be detailed in discovery.

## CLAIMS FOR RELIEF

### Count One- 42 U.S.C. § 1983 - False Arrest

61.  The foregoing allegations are here incorporated by reference.

62.  Title 42 U.S. Code § 1983 - Civil action for deprivation of rights provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this

> section, any Act of Congress applicable exclusively to the
> District of Columbia shall be considered to be a statute of
> the District of Columbia.

63.  Defendants lacked any probable cause to arrest the plaintiff Janice Lee. Defendants conspired to, and acted in furtherance of the conspiracy, to deprive plaintiff Janice H. Lee of her civil rights under the United States Constitution and federal law and state law, under color of New York State Penal Law and under color of their official office and imprimatur.

64. Defendants' acts against plaintiff Janice Lee, were malicious, deliberate, knowing, intentional, and recklessly wrongful and were intended to cause plaintiff injury or were in abject disregard for her rights to be free of unreasonable search and seizure under the Constitution and the law of the United States and laws of the State of New York.

65.  By reason of the above, plaintiff Janice Lee and her immediate-family members were all significantly injured both physically, psychologically and reputationally, Janice H. Lee having been deprived her of her liberty unlawfully and exposed to public ridicule and disgrace, and having suffered great mental anguish.

## Count Two- 42 U.S.C. § 1983- False Imprisonment

66. The foregoing allegations are here incorporated by reference.

67.  Defendants falsely arrested and imprisoned plaintiff Janice Lee.

31

68.  By reason of the above, plaintiff Janice Lee and her immediate-family members were all significantly injured both physically, psychologically and reputationally, Janice H. Lee having been deprived her of her liberty unlawfully and exposed to public ridicule and disgrace, and having suffered great mental anguish.

## Count Three- 42 U.S.C. § 1983

## Fourth and Fourteenth Amendments Violation

69. The foregoing allegations are here incorporated by reference.

70. By reason of those facts defendants violated the fourth amendment.

71.  By reason of the above, plaintiff Janice Lee and her immediate-family members were all significantly injured both physically, psychologically and reputationally, Janice H. Lee having been deprived her of her liberty unlawfully and exposed to public ridicule and disgrace, and having suffered great mental anguish.

## Count Four-42 U.S.C.§ 1983 - Municipal Liability

72. The foregoing allegations are here incorporated by reference.

73. The City of New York and the NY Police Department, as a unit of government operated by the City of New York, had an informal or formal policy of conducting "joint operations" with the State of New York whereupon the NYS Attorney General's leadership would be followed and adhered.  In pursuance of that policy, the City of New York was among the actors, acting through its agents, that

violated plaintiffs' rights under a formal or informal policy, practice or custom whereby the underlying defective, unconstitutional investigation was "conducted" and resulted in plaintiffs' injury.

74. The City of New York failed to implement a policy, practice or custom of actually investigating all facts in cases undertaken by its police officials and operated under a de facto policy of taking any State leadership cases at "face value.

75. By reason of the above, plaintiff Janice Lee and her immediate-family members were all significantly injured both physically, psychologically and reputationally, Janice H. Lee having been deprived her of her liberty unlawfully and exposed to public ridicule and disgrace, and having suffered great mental anguish.

### Count five- Negligent Training of Proper Investigation Techniques

76. The foregoing allegations are here incorporated by reference.

77. By reason of those facts, defendants engaged in negligent training of their law enforcement officials to conduct proper investigation; to actually investigate and cross-check facts; and to avoid arresting innocent citizens whom they are sworn to protect.

78. By reason of the above, plaintiff Janice Lee and her immediate-family members were all significantly injured both physically, psychologically and reputationally, plaintiff Janice H. Lee having been deprived her of her liberty

unlawfully and exposed to public ridicule and disgrace, and having suffered great mental anguish.

## Count Seven- Bivens Action

79. The foregoing allegations are here incorporated by reference.

80. In <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1991 (1971), the Supreme Court of the United States recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights.    Some of the named defendants and some unknown defendants are federal agents with the U.S. Department of Homeland Security who are subject to the <u>Bivens</u> doctrine.  These defendants are liable under <u>Bivens</u> for their participation in the foregoing facts.

81. By reason of the above, plaintiff Janice Lee and her immediate-family members were all significantly injured both physically, psychologically and reputationally, Janice H. Lee having been deprived her of her liberty unlawfully and exposed to public ridicule and disgrace, and having suffered great mental anguish.

## Count Eight - FTCA — Constitutional Tort and Negligence

82. The foregoing allegations are here incorporated by reference.

83. Defendant Jeffery Bashara, an agent of the United States, engaged in the foregoing conduct with the intent to cause, or in disregard of a substantial probability that the conduct would cause, harm to the plaintiff Janice Lee.

84. Plaintiff Janice Lee suffered special damages as a result of defendants' conduct including emotional distress, shame, fear and great mental anguish as a result of the defendants' totious conduct.

85. There was no justification or excuse for defendant's tortious conduct.

### Count Nine-  Libel Per

86. The foregoing allegations are here incorporated by reference.

87. By reason thereof, defendants and each of them committed repeated acts of defamation, both libel and slander, with each false press conference, each press release, and new and secondary dissemination of defamatory materials that harmed plaintiff Janice Lee by name, picture and reputation as a member of a "drug and prostitution ring"; "money launderer"; "drug trafficker"; "felony criminal", so forth.

88. By reason of the above, plaintiff Janice Lee and her immediate-family members were all significantly injured both physically, psychologically and reputationally, Janice H. Lee having been deprived her of her liberty unlawfully and exposed to public ridicule and disgrace, and having suffered great mental anguish.

## Count Ten- Negligent, Intentional and/or reckless

## Infliction of Emotional Distress

89. The foregoing allegations are here incorporated by reference.

90**.** Defendants' unlawful, unconstitutional conduct, without justification, was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable boundary of decency. Defendants conduct was intended to and did cause severe emotional distress to plaintiffs.

91. Furthermore, defendants knew or should have known that their conduct in falsely arresting plaintiff Janice Lee would cause plaintiffs emotional distress. Defendants' action in causing the false and defamatory article and/or internet story to be published was extreme and outrageous, beyond all possible bounds of decency.

92. By reason of the above, plaintiff Janice Lee and her immediate-family members were all significantly injured both physically, psychologically and reputationally, Janice H. Lee having been deprived her of her liberty unlawfully and exposed to public ridicule and disgrace, and having suffered great mental anguish.

WHEREFORE, plaintiffs and each of them demand against defendants and each of them, jointly and severally:

A. Compensatory damages in the amount to be determined by a jury;

B. Punitive damages against the individual defendants and not the governmental defendants in an amount to be determined by a jury;

C. Legal fees, other professional fees, and costs incurred in this action;

D. Declaratory judgment under 28 U.S.C. §2201 that defendants violated plaintiff Janice H. Lee's constitutional rights; injunction mandating deletions of all existing media-campaign materials used to smear plaintiff Janice H. Lee's name and likeness, and otherwise removing all false reports, publication and photographs from all accessible media; and

E. Any other relief the Court deems just and proper under the facts of the case in plaintiffs' favor.

## **JURY DEMAND**

Plaintiffs request  a trial by jury pursuant to Federal Civil Rule 38.

Dated: January 26, 2015

/s/ Michael S. Kimm
By: Michael S. Kimm, Esq.
Sung H. Jang (PHV)
Kimm Law Firm
333 Sylvan Ave., Suite 106
Englewood Cliffs, NJ 07632
201-569-2880
*Attorneys for plaintiffs*